UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-20834-CIV-HUCK/SIMONTON

ROLYN CONSTRUCTION
CORPORATION,

    Plaintiff,
vs.

COCONUT GROVE PT LIMITED
PARTNERSHIP,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

THIS MATTER is before the Court upon Defendant, Coconut Grove PT Limited Partnership's Motion to Dismiss, filed on June 22, 2007 (D.E. # 22). The Court has reviewed the Motion, Plaintiff's Reponse thereto and Defendant's Reply in further support thereof. Additionally, the Court held a hearing on the Motion on July 19, 2007. The Court is duly advised in the premises.

On August 25, 2006, Hurricane Katrina caused substantial windstorm and flood damage to Defendant's hotel property, the Doubletree-Coconut Grove Hotel.[1] Defendant's agent, Pyramid Advisors, LLC ("Pyramid"), hired Plaintiff to perform "emergency restoration services" on the hotel property pursuant to two oral agreements – one related to windstorm damage and one related to flood damage.[2] Under the agreements, Plaintiff would provide such services for "rates and prices that were customary . . . in the given geographic locale, which included payment for time, material and expenses plus overhead at 10% and profits at 10% on the resulting balance." Between August 29, 2005 and April 7, 2006, Plaintiff rendered restoration services under the two oral agreements and periodically provided invoices and supporting documentation to Defendant's agent, Pyramid.

On October 24, 2005, another storm, Hurricane Wilma, caused additional damage to

---

[1] The facts set forth herein are those alleged in Plaintiff's Complaint.

[2] The contracts were differentiated for insurance purposes.

Defendant's hotel property. Pyramid again hired Plaintiff on Defendant's behalf, to perform emergency restoration work pursuant to a third oral agreement. The terms of this third oral agreement were identical to the terms of the agreements entered into following the first storm. From October 25, 2005 to April 14, 2006, Plaintiff provided services pursuant to the third agreement.

In October of 2006, Plaintiff and Pyramid reached a settlement agreement as to the unpaid balance due from Defendant under all three previous oral agreements. Defendant was to pay Plaintiff the sum of $1,868,105.06 for its services. Defendant, however, has not paid Plaintiff and, on March 29, 2007, Plaintiff filed this suit for breach of contract, open account, account stated and unjust enrichment. Defendant has moved to dismiss Plaintiff's Complaint because, in its view, the oral agreements alleged by Plaintiff are too vague to give rise to enforceable contracts and because the Complaint contains duplicative and improperly pleaded claims for relief.

At the July 19, 2007 hearing on Defendant's Motion to Dismiss, Plaintiff conceded that the Motion should be granted and requested leave to amend its Complaint. For the reasons given in open Court, the Court agrees.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). The federal rules do not require a claimant to set out in detail all the facts upon which the claim is based. Id. at 47. All that is required is a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff, and accept the plaintiff's well-pleaded facts as true. *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993).

## ANALYSIS

### I. Plaintiff's Breach of Contract Claims based on Oral Contracts for Emergency Restoration Services.

Defendant first moves for dismissal of Plaintiff's breach of contract claims because the alleged terms thereof are too vague to give rise to an enforceable contract under Florida law. At the July 19, 2007 hearing on the Motion to Dismiss, Plaintiff expressed its agreement that its breach of oral contract claims should be dismissed and requested leave to amend. For the reasons given in open

court at the hearing, the Court agrees that the contract claims should be dismissed and Plaintiff granted leave to amend.

### II. Plaintiff's Claims for Open Account

Defendant next claims that Plaintiff has failed to state a cause of action for open account. For the reasons given in open court, the Count denies Defendant's Motion to Dismiss, as it relates to Plaintiff's claims for open account. Plaintiff has adequately stated its claims for open account.

### III. Plaintiff's Claim for Breach of Settlement Agreement

Next, Defendant seeks dismissal of Plaintiff's claim for breach of settlement agreement because it merely duplicates Plaintiff's claims for account stated. For the reasons state in open court, the Court agrees. In Count X, Plaintiff alleges that it reached an agreement with Defendant's agent as to the total amount due under the three alleged oral contracts for emergency hurricane restoration services, but that Defendant breached the agreement by failing to pay. This is no different than a claim for account stated under Florida law. An account stated claim is "an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Nants v. F.D.I.C.*, 864 F.Supp. 1211, 1219 (S.D.Fla.1994) (emphasis added and citation omitted). Plaintiff has set forth a claim for account stated for each of the amounts due for services in connection with the windstorm and flood damage caused by Hurricane Katrina (Counts III and VI) and for the damage caused by Hurricane Wilma (Count IX). Plaintiff's claim for breach of settlement agreement in Count X is simply an aggregation of the three individual counts for account stated.[3] Accordingly, Count X is dismissed with prejudice, as it is duplicative of Counts III, VI and IX.

### IV. Plaintiff's claim for Unjust Enrichment

Finally, Defendant takes issue with Plaintiff's claim of unjust enrichment. Specifically, Defendant argues that Plaintiff has not properly plead unjust enrichment as an alternative to its breach of contract claim. Indeed, where parties have entered into an express contract, a claim of unjust enrichment concerning the same subject matter fails as a matter of law. *See Williams v. Bear Stearns*

---

[3] The amounts claimed in Plaintiff's claims for account stated in Counts III, VI and IX ($433,716.09, $648,712.83 and $785,676.14, respectively) comprise the amount claimed for breach of the settlement agreement claimed in Count X ($1,868,105.06).

*& Co.*, 725 So.2d 397, 399 (Fla. 5 th DCA 1998). However, by incorporating only paragraphs 1 through 6 and 13 of its Complaint within its claim for unjust enrichment (Count XI), Plaintiff has excluded any allegation that it had a contract with Defendant. Therefore, it would appear that Plaintiff's unjust enrichment claim, while not expressly identified as such, is an alternative to its claims for breach of contract, as permitted by Rule 8(e)(2), Federal Rules of Civil Procedure. Accordingly, Defendant's Motion to Dismiss Plaintiff's unjust enrichment claim is denied.[4]

### CONCLUSION

For the reasons and authorities given in open court at the July 19, 2007 hearing and cited above, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED in part and DENIED in part, as set forth above. Plaintiff's breach of contract claims set forth in Counts I, IV and VII are DISMISSED WITHOUT PREJUDICE. Plaintiff's claim for breach of settlement agreement (Count X) is DISMISSED WITH PREJUDICE. Plaintiff may file an amended complaint on or before Monday, July 30, 2007.

DONE AND ORDERED in Chambers, Miami, Florida, this 19th day of July, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record

---

[4] Plaintiff's unjust enrichment claim is not without defect, however. Since unjust enrichment is an equitable claim and is not available where there is an adequate legal remedy, the failure to allege the lack of an adequate legal remedy is also grounds for dismissal of an unjust enrichment claim. *See, e.g., Martinez v. Weyerhaeuser Mort. Co.*, 959 F.Supp. 1511, 1518 (S.D.Fla. 1996)(citing *Gary v. D. Agustini & Asociados, S.A.*, 865 F.Supp. 818 (S.D.Fla. 1994); *Bowleg v. Bowe*, 502 So.2d 71, 72 (Fla. 3d DCA 1987). Plaintiff shall consider the foregoing in drafting its amended complaint.